

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>John S. Mairo, Esq. (jsmairo@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br>Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)<br>*Counsel to the Liquidating Trustee* | **Order Filed on November 20, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>ESSI, LLC, d/b/a ENGINEERED SECURITY SYSTEMS,[1]<br><br>Debtor. | Chapter: 11<br><br>Case No.: 22-18943 (VFP) |

### STIPULATION AND CONSENT ORDER BY AND AMONG THE LIQUIDATING TRUSTEE AND CLAIMANT CHANNEL PARTNERS CAPITAL, LLC

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: November 20, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: ESSI, LLC, d/b/a Engineered Security Systems (the "Debtor"), a New Jersey limited liability company (3165).

1

7856418

Steven A. San Filippo d/b/a San Filippo & Associates, in his capacity as liquidating trustee (the "Liquidating Trustee") of the ESSI Liquidating Trust (the "Liquidating Trust"), and claimant Channel Partners Capital, LLC (the "Claimant" and, together with the Liquidating Trustee, the "Parties"), hereby enter into this stipulation and consent order (the "Stipulation"), and by and through the undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on November 10, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

**WHEREAS**, on January 17, 2023, Claimant filed against the Debtor claim no. 28-1 in the amount of $213,333.30 as a secured claim on the basis of "Breach of Contract" (the "Claim"), which attached a copy of a "Business Advance Agreement" dated June 17, 2022 and related documents (the "Agreement");

**WHEREAS**, on August 25, 2023, the Court entered its *Order Confirming Debtor's First Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1191(a)* [Dkt. No. 252] ("Confirmation Order") confirming the *Debtor's First Amended Plan of Liquidation* [Dkt. No. 239] (the "Plan")[2];

**WHEREAS**, on September 11, 2023 (the "Effective Date"), the Plan became effective. *See* Notice of Effective Date [Dkt. No. 258];

**WHEREAS**, pursuant to the Plan, the Liquidating Trustee was appointed pursuant to the terms of the Liquidating Trust Agreement (the "Liquidating Trust Agreement") on the Effective Date and is authorized to, among other things, "object to Claims and supervise and administer the resolution, settlement, and payment of such Claims and the distribution to the Beneficiaries in accordance with this Trust Agreement and the Plan";

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term as in the Plan.

2

**WHEREAS**, on October 23, 2023, the Liquidating Trustee filed that certain *Notice of Substantial Consummation* [Dkt. No. 271], informing the Court that, pursuant to paragraph 9 of the Confirmation Order, the Plan had been substantially consummated;

**WHEREAS**, the Liquidating Trustee seeks to clarify the record by entering into this Stipulation and Consent Order with Claimant; and

**NOW, THEREFORE**, in consideration of the foregoing and the mutual promises of the Parties herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

**IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. The Stipulation shall only be effective on the date it is fully executed by the Parties and entered by the Court (the "Effective Stipulation Date").

3. Upon the Effective Stipulation Date, the Claim shall be allowed against the Debtor in the fixed amount of $71,250.00 and shall be treated as an Allowed Secured Claim in accordance with the terms and conditions of the Plan (the "Channel Allowed Claim"), and any and all other Channel claims arising from the Agreement shall be deemed waived and released, including, for avoidance of doubt, any deficiency claim, and/or claims against any guarantors, including David George.

4. Upon the Effective Stipulation Date, the Claimant on the one hand and the Debtor and Liquidating Trustee on the other hand, shall unconditionally release and forever discharge each other, and their respective past and present agents, attorneys, predecessors, successors, and assigns, and each of them, separately and collectively, from any and all claims and causes of action related to the Agreement, Claimant, Debtor and/or Liquidating Trust, whether in law or equity, whether

7856418

known or unknown, including, but not limited to, any filed proofs of claim by Claimant, and any scheduled claims of Claimant, with the exception of the Channel Allowed Claim.

5. The Parties agree that this Stipulation is a compromise and settlement and shall not be construed as an admission or liability, wrongdoing, or responsibility on the part of any Party.

6. In the event of any ambiguity or question of intent or interpretation, this Stipulation shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Stipulation.

7. The Liquidating Trustee shall pay the Channel Allowed Claim within five (5) business days after the Court enters this Order and the Liquidating Trustee shall make the check payable to Channel Partners Capital LLC and send the check to:

Channel Partners Capital LLC
Attn: Jeff Lothert
10900 Wayzata Blvd, Suite 300
Minnetonka, MN 55305

8. Each Party shall bear its own costs, fees, and expenses relating to this matter.

9. The Bankruptcy Court for the District of New Jersey shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.

10. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

11. This Stipulation contains the entire agreement between the Parties and can only be modified by a writing signed by the Parties.

12. The undersigned hereby covenant, warrant, and represent that he/she is fully authorized to execute this Stipulation on behalf of the Party he/she represents and is fully authorized to bind that Party to all of the terms of this Stipulation.

7856418

13. This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered (including by facsimile or email transmission) shall be, and have the force and effect of an original, and all of which together shall constitute one and the same agreement.

**ACCEPTED AND AGREED:**

Dated: November 6, 2024

| | |
|---|---|
| */s/ John S. Mairo* | */s/ Alex Darcy* |
| **PORZIO BROMBERG & NEWMAN, P.C.** | **DARCY & DEVASSY P.C.** |
| John S. Mairo, Esq. | Alex Darcy, Esq. |
| Christopher P. Mazza, Esq. | 444 N. Michigan Avenue, Suite 3270 |
| 100 Southgate Parkway | Chicago, Illinois 60611 |
| Morristown, New Jersey 07962 | Telephone: (312) 784-2400 |
| Telephone: (973) 538-4006 | E-mail: adarcy@darcydevassy.com |
| Facsimile: (973) 538-5146 | |
| jsmairo@pbnlaw.com | |
| cpmazza@pbnlaw.com | |
| | *Counsel to Claimant, Channel Partners Capital, LLC* |
| *Counsel to the Liquidating Trustee* | |

7856418